IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 27, 2010 Session

## FLAGSTAR ENTERPRISES, INC. v. ERIE HURST, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ARNOLD HURST, DECEASED

Direct Appeal from the Chancery Court for McNairy County
No. 8524      Martha B. Brasfield, Chancellor

No. W2010-00036-COA-R3-CV  - Filed August 12, 2010

Defendant appeals the award of summary judgment to Plaintiff in this action for specific performance of an option to purchase real property which Plaintiff asserts is contained in a lease agreement.  Finding a genuine issue of material fact exists regarding the authenticity of the option to purchase, we reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Terry Abernathy, Selmer, Tennessee, for the appellant, Erie Hurst, individually and as Executrix of the Estate of Arnold Hurst.

Paul G. Summers, Joseph A. Woodruff and Eileen Burkhalter Smith, Nashville, Tennessee, for the appellee, Flagstar Enterprises, Inc.

## OPINION

The gravamen of this dispute is the authenticity of a lease agreement that Plaintiff Flagstar Enterprises, Inc. ("Flagstar") asserts contains a valid option to purchase real property.  In November 2008, Flagstar filed an action against Defendant/Appellant Erie Hurst (Ms. Hurst), individually and as Executrix of the Estate of Arnold Hurst (Mr. Hurst), in the Chancery Court for McNairy County.  In its complaint, Flagstar alleged that Ms. Hurst had breached a 1992 lease agreement executed by Flagstar's predecessor in interest and Ms. Hurst and Mr. Hurst.  Flagstar asserted that Ms. Hurst had failed to deliver a warranty deed conveying the real property to Flagstar as required by the option to purchase clause contained in section 4(a) of the lease.  Flagstar prayed for specific performance of

the option to purchase.[1]

Ms. Hurst answered in February 2009. In her answer, Ms. Hurst admitted the existence of the lease but denied that she was in breach of the agreement where she did not "believe[] that the Lease Agreement that she signed . . . contain[ed] an option to purchase." She further asserted that if the agreement "did contain an option to purchase, its inclusion was by oversight or mistake, and that such did not in any fashion represent the true agreement of the parties at that time."

Flagstar moved for summary judgment in July 2009, asserting that there were no genuine issues of material fact and that it was entitled to specific performance of the option to purchase. Ms. Hurst responded in October 2009, and denied that the lease agreement attached to Flagstar's complaint was an accurate copy of the lease agreement executed by her and Mr. Hurst. She attached to her response an affidavit asserting that neither she nor Mr. Hurst would have signed a document requiring the sale of the real property. Ms. Hurst admitted that the signature page of the purported agreement contained her signature, but denied that the lease agreement attached to the complaint was the true and accurate agreement executed by the parties.

The trial court granted Flagstar's motion for summary judgment by order entered on December 7, 2009. The trial court found that the terms of the lease were clear and unambiguous; that there had been no mutual mistake asserted such that parol evidence should be admitted; and that there was no genuine issue of material fact. Ms. Hurst filed a timely notice of appeal to this Court on January 5, 2010.

### *Issues Presented*

The issue presented on appeal, as we slightly reword it, is whether the trial court erred by awarding summary judgment to Flagstar where a genuine issue of material fact exists regarding the authenticity of the lease agreement.

### *Standard of Review*

We review a trial court's award of summary judgment *de novo*, with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* at 83 (quoting Tenn. R. Civ. P. 56.04). The burden is on the moving party to demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citations omitted).

---

[1]Ms. Hurst's ownership interest in the real property following Mr. Hurst's death is not in dispute.

After the moving party has made a properly supported motion, the nonmoving party must establish the existence of a genuine issue of material fact. *Id.* (citations omitted). To satisfy its burden, the nonmoving party may: (1) point to evidence of over-looked or disregarded material factual disputes; (2) rehabilitate evidence discredited by the moving party; (3) produce additional evidence that establishes the existence of a genuine issue for trial; or (4) submit an affidavit asserting the need for additional discovery pursuant to Rule 56.06 of the Tennessee Rules of Civil Procedure. *Id.* (citations omitted). The court must accept the nonmoving party's evidence as true, resolving any doubts regarding the existence of a genuine issue of material fact in that party's favor. *Id.* (citations omitted). A disputed fact that must be decided to resolve a substantive claim or defense is material, and it presents a genuine issue if it reasonably could be resolved in favor of either one party or the other. *Id.* (citations omitted). With this standard in mind, we turn to whether the trial courted erred by awarding summary judgment in this case.

### *Discussion*

There is no dispute that the lease agreement contained in the record and offered by Flagstar as the agreement between parties contains an option to purchase clause, or that Ms. Hurst has refused to perform under the terms of the option to purchase. Ms. Hurst's contention here and in the trial court is that the agreement offered into evidence by Flagstar is not the agreement signed by her and Mr. Hurst. She argues that the pages in the agreement are unnumbered, were not initialed by the parties, and that they include large blank areas. In short, that the agreement is not a flowing document, but a compilation of pages, each containing separate clauses. Ms. Hurst does not allege fraud. Rather, she asserts the agreement is "sloppy" and that individual pages or clauses were not included in the original agreement.[2]

Flagstar, on the other hand, argues that the agreement is unambiguous, that Ms. Hurst does not assert fraud, and that if there was a mistake in formation of the contract, it was not mutual. Flagstar asserts that Ms. Hurst relies on inadmissable parol evidence to impeach the unambiguous terms of the agreement. Flagstar further asserts that there is no genuine issue of material fact in this case and that summary judgment accordingly was properly granted.

The parol evidence rule is a "quasi-statute of frauds" by which a party to a contract cannot seek to alter written contractual terms based on parol evidence. *Farmers & Merchants Bank v. Petty*, 664 S.W.2d 77, 82 (Tenn. Ct. App. 1983). The rule contains numerous exceptions, however, and has been considerably relaxed by the courts "'in order that fraud may be thwarted, mistakes corrected, accidents relieved against, trusts set up and enforced, and usury exposed and eliminated.'" *Lipford v. First Family Fin. Servs., Inc.*, No. W2003-01208-COA-R3-CV, 2004 WL 948645, at *3

---

[2]We must agree with this characterization and note that the contract contained in the record does not recite Ms. Hurst as a party to the lease agreement. Rather, it states that it was executed "by and between ARNOLD HURST, party of the first part (referred to hereinafter as "Landlord"), and SPARDEE'S RESTAURANTS, INC., a corporation. . ." The signature page is not disputed by Ms. Hurst, however, and she acknowledges her signature and concedes to having been a party to the original agreement.

(Tenn. Ct. App. April 29, 2004)(quoting *Textron Fin. Corp. v. Powell*, No. M2001-02588-COA-R3-CV, 2002 WL 31249913, at *5 (Tenn. Ct. App. Oct. 8, 2002) (*no perm. app. filed*) (quoting Gibson's Suits in Chancery, § 189 (William H. Inman ed., 6th ed. 1982))). In this case, Ms. Hurst does not seek to alter the terms of the contract. Rather, she asserts the contract is not authentic, and that the contract which she and Mr. Hurst signed did not contain the option to purchase clause.

Whether the lease agreement contained in the record is an authentic copy of the agreement signed by Mr. Hurst and Ms. Hurst in 1992 is a genuine issue of material fact to be determined by the trial court. As we noted at oral argument of this matter, we are somewhat "flummoxed" by the award of summary judgment in this case, which requires a determination of a single factual issue that largely will be based on a credibility determination by the trial court. The parol evidence rule is not applicable in this case, moreover, where Ms. Hurst does not seek to alter the terms of an authentic contract, but challenges the authenticity of the document itself. In this case, where the pages of the lease agreement are not numbered or separately signed or initialed, and where each provision is contained on a separate page, a genuine issue of material fact exists regarding whether clause 4(a) was contained in the agreement signed by Mr. Hurst and Ms. Hurst.

### *Holding*

In light of the foregoing, the trial court's award of summary judgment to Flagstar is reversed. This matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Appellee, Flagstar Enterprises, Inc.

_____
DAVID R. FARMER, JUDGE